## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re Wayne Lewis, ) | |
| ) | |
| Debtor, ) | |
| Address ) | Bankruptcy Case No. 14-28819-GMH |
|   8128 West Clovernook Street ) | Chapter 13 |
|   Milwaukee, WI 53223 ) | |
| ) | |
| Social Security Number ) | |
|   XXX-XX-6681 ) | |
| ) | Adversary Proceeding No. |
| ) | |
| Wayne Lewis, ) | |
| Plaintiff, ) | |
|   v. ) | |
| ) | |
| Wells Fargo Bank, N.A., ) | |
| and its assigns, heirs and successors ) | |
| Defendant. ) | |

# COMPLAINT TO DETERMINE THE CLAIM OF WELLS FARGO BANK, N.A., AND ITS ASSIGNS, HEIRS AND SUCCESSORS AS UNSECURED PURSUANT TO 11 U.S.C. §§ 506(a) AND 1322(b)(2)

Plaintiff, Wayne Lewis ("Mr. Lewis"), through his attorneys, Michael J. Watton and the Watton Law Group (collectively "Counsel") complains of Defendant, Wells Fargo Bank, N.A. and its assigns, heirs and successors ("Defendant") and files this action for lien avoidance pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2).  Mr. Lewis alleges to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

**Michael J. Watton, Esq.**
**Watton Law Group**
**700 North Water Street, Suite 500**
**Milwaukee, WI  53202**
**Phone (414) 273-6858**
**Fax (414) 273-6894**

# INTRODUCTION

## Nature of the Action

1. This lawsuit arises from Defendant holding a purported lien despite the fact that there is no equity to which the lien may attach.

2. Causes of Action herein are brought against Defendant under the United States Bankruptcy Code, ("Bankruptcy Code"), 11 U.S.C. §§ 506(a) and 1322(b)(2), to avoid the lien held by Defendant.

## Jurisdiction and Venue

3. Pursuant to Bankruptcy Rule 7008 this adversary proceeding relates to *In re Wayne Lewis*, a Chapter 13 case in the Bankruptcy Court of the Eastern District of Wisconsin. The related case number is 14-28819-GMH. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(K). This proceeding relates to 11 U.S.C. §§ 506(a) and 1322(b)(2).

4. Bankruptcy Rule 7001(2) requires an action of this nature to be filed as an adversary proceeding

5. Mr. Lewis filed his petition for relief under Chapter 13 of the Bankruptcy Code on July 11, 2014. This Court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 1367.

## Parties

6. Mr. Lewis is an individual who currently resides at 8128 West Clovernook Street, Milwaukee, Wisconsin 53223.

7. Defendant is a financial institution with a principal office address of 101 North Phillips Avenue, Sioux Falls, South Dakota 57104.

## Factual Allegations

8. Mr. Lewis owns a home located at 8128 West Clovernook Street, Milwaukee, Wisconsin 53223 (the "subject property").

9. Mr. Lewis values his property on Schedule A of his bankruptcy schedules at $115,000.00.

10. Prior to filing his case, Mr. Lewis had Julie Merkel of Shorewest Realtors value the subject property.

11. The fair market value of the subject property is between $75,000.00-$85,000.00 according to Julie Merkel (see Exhibit A, Page 1).

12. Defendant holds a second mortgage lien (the "lien") on subject property in the amount of $33,578.86 (see Exhibit B).

13. Defendant's lien is subordinate to a $114,708.61 first mortgage lien held by Wells Fargo Bank, N.A. (see Exhibit C).

## FIRST CAUSE OF ACTION:
## LIEN AVOIDANCE

14. Mr. Lewis restates all above allegations.

15. Pursuant to § 506(a)(1), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."

16. Additionally, pursuant to 11 U.S.C § 1322(b)(2), a Plaintiff may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

17. The subject property has no available equity by which the Defendant's subordinate mortgage may attach; therefore, the anti-modification provision is applicable and the claim may be modified. *See In re Woolsey*, 696 F.3d 1266 (10th Cir. 2012).

18. Defendant's lien is unsecured and modifiable because Defendant does not have an allowed secured claim.

WHEREFORE, Mr. Lewis respectfully requests that this Court find and order:

1. that Defendant's purported lien is unsecured pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2),

3

2. that Defendant's claim is not a secured claim and may be modified,

3. pursuant to 1325(a)(5), after completion of this case, the lien of Defendant shall be released,

4. and for such other relief as this Court may deem just and proper.

Respectfully submitted this 28th day of October, 2014.

/s/ Timothy H. Hassell (for)
Michael J. Watton, Esq.
Watton Law Group
700 North Water Street, Suite 500
Milwaukee, WI 53202
Telephone (414) 273-6858